THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY DECKER, et al. | : | CASE NO.: 1:15-CV-00088-SJD |
| Plaintiffs, | : | ( Judge Susan J. Dlott) |
| v. | : | (Magistrate Judge Karen L. Litkovitz) |
| CHUBB NATIONAL INSURANCE CO., et al. | : | **PLAINTIFFS', JEFFREY DECKER AND MARIA DECKER, MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO ANSWER, MOVE OR OTHERWISE PLEAD** |
| Defendants. | : | |

Now come Plaintiffs, Jeffrey Decker and Maria Decker, by and through counsel, and hereby submit their Memorandum in Opposition to the Motion for an Extension of Time to Answer, Move or Otherwise Plead filed on behalf of Defendants, Chubb National Insurance Company and Chubb & Sons, Inc., for the reasons set forth herein.

**MEMORANDUM**

**I.    INTRODUCTION**

The within cause commenced with the filing of Plaintiffs' Complaint on January 8, 2015, in the Hamilton County Common Pleas Court, identified as case no. A1500130. The matter was assigned to the Honorable Judge Nadine Allen and was scheduled for case management hearing on March 25, 2015.

Defendants filed a Notice of Removal to the United States District Court for the Southern District of Ohio on February 9, 2015.  Thereafter, at Defendants' request, and in a good faith spirit of cooperation, Plaintiffs agreed to an unopposed extension of time for Defendants to answer, move or otherwise respond to the Complaint up to and

including March 6, 2015. Now Defendants have filed for an additional extension of 28 days which is unnecessary and unwarranted. Therefore, Defendants' Motion is without merit and should be denied.

The within claims arise out of a fire loss which occurred on January 10, 2014 at Plaintiffs' residence located at 9645 Cunningham Road, Cincinnati, Hamilton County, Ohio 45243. Plaintiffs' residence and virtually all of their personal belongings were destroyed by the fire. Plaintiffs timely/immediately contacted their insurance agent, Matt Murphy, the same day to allow Defendants to begin investigating the fire and to establish and process Plaintiffs' claims. Since being notified of the fire, Plaintiffs have cooperated with State and Local law enforcement agencies and Defendants to provide every opportunity for investigation of the loss and processing of Plaintiffs' claims as hereinafter set forth, including, but not limited to: immediate access to the property; providing numerous statements (verbal, written, recorded and under oath); allowing immediate and unrestricted removal of debris for examination and evaluation; providing hundreds, if not thousands, of requested documents; providing a Sworn Statement in Proof of Loss; waiting to file the Complaint until 2 days prior to the time required by the applicable policy; and agreeing to an initial extension of time to move, answer or otherwise plead of twenty-one (21) days after removal of the action to this Court.

As early as January 21, 2014, Defendants, through the person of Scott Peterson, Assistant Vice President and General Adjuster, acknowledged and thanked Plaintiffs for meeting with Chubb representatives on January 10 and January 14 (the day of and 4 days after the fire). Defendants confirmed that Chubb had already retained several experts to assist in evaluating the cause of the loss and damage to the residence and

- 3 -

contents, involving, among other things, evaluating the cause of the fire, the repair costs, structural damage and peer review.

On March 13, 2014, Plaintiffs provided recorded statements before George R. Clark, Special Investigator for Defendants. By April 2, 2014, Scott Peterson advised Plaintiffs that Matthew J. Smith of Smith, Rolfes & Skavdahl Company, L.P.A. had been retained to assist Defendants with legal advice and conduct examinations of Plaintiffs under oath. Further, on April 2, 2014, Defendants requested that Plaintiffs complete a Sworn Statement in Proof of Loss.

It should be noted that the office of the Ohio Fire Marshal, pursuant to Ohio Revised Code § 3929.87 announced the cause of the fire as "undetermined" on April 10, 2014. Further, pursuant to communications with Robert Dunn, Investigator, Division of State Fire Marshal on May 13, 2014, the Plaintiffs' property had been released. It should also be noted that Defendants were provided unfettered access to the property, including the ability to remove debris, videotape inspections, consult with numerous experts on scene from the time of the loss forward and even after Defendants released the property in May, 2014.

In large part the filing of Plaintiffs' Complaint against Defendants was due to unreasonable and prejudicial delay of Defendants' process in assessing, reviewing and investigating the insurance claims submitted by Plaintiffs following a fire that destroyed their home and almost all their belongings on January 10, 2014, over one year ago. What Defendants now request is a further unnecessary and unreasonable delay, based upon yet another arbitrary date posited by Defendants, as the date their investigation may be complete.

By May 23, 2014, counsel for Defendants had requested that Plaintiffs provide voluminous documentation, noting that Defendants had retained a forensic accountant who wanted Plaintiffs to produce an exhaustive list of irrelevant documents following a fire that destroyed almost all of Plaintiffs' possessions and documentation.  Among other items requested were monthly credit card statements for Plaintiffs' children for dates three years prior to the fire, tax returns for the years beginning ten (10) years prior to the fire, monthly bank statements for Plaintiffs' business operations for dates from three years prior, etc.

As requested by Defendants, Plaintiffs provided a Proof of Loss on May 27, 2014.  Defendants promptly rejected said Proof of Loss claiming that it was not detailed enough as to amounts or documentation, again, following a catastrophic fire that destroyed much of what evidence of loss Plaintiffs possessed.  On June 11, 2104 counsel for Defendants noted the "voluminous" amount of materials provided by Plaintiffs (in response to the voluminous requests of Defendants).  On July 22, 2014, counsel for Defendants submitted another four-page document request to Plaintiffs, including monthly business statements now reaching back beginning five years prior to the fire, investment account information for the children's accounts going back to three years prior to the fire, investment, mortgage and loan account information now going back to nine (9) years prior to the fire, as well as <u>monthly</u> credit card statements (including those of the children) going back to nine (9) years prior to the date of the fire.  On August 11, 2014 counsel for Defendants requested Plaintiffs provide Sam's Club monthly statements going back to eight (8) years prior to the date of the fire.

Plaintiffs were finally able to provide a revised Proof of Loss on or about September 10, 2014, following completion of the dwelling assessment by Defendants' representative (despite correspondence dated July 14, 2014 from counsel for Defendants stating that "Mr. Dallman estimates he can complete his estimate for the dwelling within the next 14 days."). Plaintiffs' examinations under oath were finally scheduled and conducted on October 22, 2014 and October 23, 2014 despite the fact that Plaintiffs were willing to appear months earlier. In the interim, of course, further document requests were submitted to Plaintiffs by Defendants, and more documents were requested following the examinations under oath. Finally, on November 18, 2014, counsel for Defendants informed Plaintiffs that there were no further document requests pending or required. It is worth noting that none of the document requests made by Defendants had any bearing or provided any evidentiary material toward the *cause* of the fire, or validity of the claims.

On December 4, 2014, Defendants informed Plaintiffs that "As Chubb National concludes its investigation of this fire loss claim, Chubb National would request Mr. and Mrs. Decker's assistance in clarifying an <u>important</u> issue of concern." (emphasis added). Defendants requested information as to why certain family photos were found in a gun safe.

**II.     ARGUMENT**

Defendants Motion for Extension of Time to Answer, Move or Otherwise Plead is without merit and should be denied. Initially, Federal Rule of Civil Procedure 6(b)(1) provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

>   (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>   (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1).

This rule is generally construed liberally, and should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). Unfortunately, this litigation is replete with allegations of unnecessary and prejudicial delay and allegations of bad faith on the part of Defendants. Defendants' acts and omissions as set forth herein clearly raise the specter of bad faith on the part of Defendants and work prejudicially against Plaintiffs' ability to obtain a timely, good faith, fair resolution of their claims.

The Defendants herein have had well over one year to investigate, evaluate and process Plaintiff's claims. Defendants have had counsel assisting them in this matter as early as April, 2014, more than ten months ago. Plaintiffs withheld filing of this action until two days before the time required by the policy of insurance covering their property to allow Defendants every opportunity to resolve the claims in good faith and without litigation. Even after litigation was filed, Plaintiffs reluctantly agreed to a twenty-one day extension of time for Defendants to move, answer or otherwise plead (after removal from State court). Now Defendants seek an additional twenty-eight days premised on the suggestion that requiring an answer at this point would only result in wasteful and duplicative pleading that would necessarily have to be amended once a claims decision is made. Aside from the fact that amendments to pleadings are generally freely granted

and generally require minimal effort, especially when it comes to a response to a Complaint, it is simply beyond any stitch of credibility that Defendants, in light of their background and expertise, and over one year from the date of loss in issue, are not aware of the facts and defenses, if any, to which they can or will avail themselves. Under the circumstances, Defendants Motion for an Extension of Time to Answer, Move or Otherwise Plead is without merit and should be denied.

A Proposed Order is attached hereto.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for an Extension of Time to Answer, Move or Otherwise Plead is without merit and should be denied.

Respectfully Submitted,

*/ s / Gary F. Franke*
Gary F. Franke           (0029793)
William M. Bristol       (0074005)
GARY F. FRANKE CO., L.P.A.
*Attorneys for Plaintiffs*
120 East Fourth Street, Suite 1040
Cincinnati, OH  45202
Tel: (513) 564-9222
Fax (513) 564-9990

- 8 -

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document has been served upon all counsel of record, including Gregory A. Harrison and Michael W. Hawkins, Dinsmore & Shohl LLP, 255 E. Fifth Street, Suite 1900, Cincinnati, OH 45202, this 5 day of March, 2015 through the US District Court electronic filing system.

                                        */ s / Gary F. Franke*
                                        Gary F. Franke
                                        Attorney at Law