**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| JEFFREY DECKER and MARIA DECKER,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CHUBB NATIONAL INSURANCE CO. and CHUBB & SON, a division of Federal Insurance Company,<br><br>　　　　　Defendants. | Case No. 1:15-cv-88<br><br>Judge Susan J. Dlott<br>Magistrate Judge Karen L. Litkovitz<br><br>**AMENDED ANSWER OF DEFENDANTS CHUBB NATIONAL INSURANCE COMPANY AND CHUBB & SON, A DIVISION OF FEDERAL INSURANCE COMPANY, TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, AMENDED COUNTERCLAIMS AND JURY DEMAND**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Defendants, Chubb National Insurance Company ("Chubb National") and Chubb & Son, a division of Federal Insurance Company ("Chubb & Son") (collectively, "Defendants"), by and through the undersigned counsel, for their Amended Answer to the Complaint by Plaintiffs, Jeffrey Decker and Maria Decker (hereinafter "Plaintiffs"), made necessary by Plaintiffs' interlineation motion and consent order substituting as a defendant "Chubb & Son, a division of Federal Insurance Company," in place of "Chubb & Son Inc., a division of Federal Insurance Company," state the following:

　　　　1.　　　　Admitted in part; denied in part. Defendants admit, upon information and belief, that as of January 10, 2014, Plaintiffs are husband and wife, but only Plaintiff Maria Decker held title to the property identified as 9645 Cunningham Road, Cincinnati, Ohio, 45243 (hereinafter "the Deckers' residence"). Defendants also admit that Plaintiffs used that property as a residence up until January 10, 2014, when it was damaged by fire. Defendants are without knowledge or

information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 1 and therefore deny same.

2. Defendants admit that Chubb National is a corporation organized under the laws of the State of Indiana, having its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059. Defendants further admit that Chubb National is licensed to do business in Ohio and is engaged in the business of selling insurance policies, including homeowners and automobile insurance policies, to the general public. Defendants admit that Chubb National sold its Policy No. 13127867-05 ("the Policy") to Plaintiffs. Defendants deny any remaining allegations contained in paragraph 2.

3. Admitted in part; denied in part. Defendants admit that Chubb & Son is a division of Federal Insurance Company ("Federal"), an Indiana corporation, having its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059. Defendants admit that Federal is licensed to do business in Ohio and, *inter alia*, under the name Chubb & Son, a division of Federal Insurance Company, provides claim management and underwriting services on behalf of Defendant, Chubb National. Neither Chubb & Son nor Federal issued the Policy upon which Plaintiffs' claim was made and which is the subject of this action. There is no privity of contract between Plaintiffs and Chubb & Son, a division of Federal Insurance Company or Federal Insurance Company. Accordingly, Chubb & Son, a division of Federal Insurance Company and Federal Insurance Company should be dismissed from this action for the reasons stated in Defendants' Second Affirmative Defense, which is incorporated herein by reference as if fully rewritten here. Defendants deny any remaining allegations contained in paragraph 3.

4. Admitted in part; denied in part. Defendants admit that Chubb National issued its Policy No. 13127867-05 to Plaintiffs for the period February 2, 2013 to February 2, 2014, subject to all of the Policy's terms, conditions and exclusions. Defendants admit that Exhibit "A" to Plaintiffs' Complaint appears to be a copy of the Policy. Defendants deny any remaining allegations contained in paragraph 4.

5. Admitted in part; denied in part. Defendants admit that the Policy provided coverage for the structures at 9645 Cunningham Road, Cincinnati, Ohio 45243 (hereinafter "9645 Cunningham Road" or "the Deckers' residence"), subject to all of the Policy's terms, conditions and exclusions. Defendants deny Plaintiffs' characterization of the coverages afforded by the Policy because it is a written contract that speaks for itself and is the best evidence of its contents.

6. Admitted in part; denied in part. Defendants admit that the Policy provided coverage for personal property and contents at 9645 Cunningham Road, subject to all of the Policy's terms, conditions and exclusions. Defendants deny Plaintiffs' characterization of the coverages afforded by the Policy because it is a written contract that speaks for itself and is the best evidence of its contents.

7. Admitted in part; denied in part. Defendants admit that the Policy provided coverage for property damage to the motor vehicles scheduled on the Policy, subject to all of the Policy's terms, conditions and exclusions. Defendants deny Plaintiffs' characterization of the coverages afforded by the Policy because it is a written contract that speaks for itself and is the best evidence of its contents.

8. Admitted in part; denied in part. Defendants admit, upon information and belief, that as of January 10, 2014, only Plaintiff Maria Decker held title to the Deckers' residence.

Defendants also admit that Plaintiffs used that property as a residence up until January 10, 2014, when it was damaged by fire. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 1 and therefore deny the same.

9. Admitted in part; denied in part. Defendants admit that the Policy provided coverage for damage to the Deckers' residence, subject to the terms, conditions and exclusions in the Policy. Defendants deny Plaintiffs' characterization of the coverages afforded by the Policy because it is a written contract that speaks for itself and is the best evidence of its contents.

10. Admitted in part; denied in part. Defendants admit that the Policy provided coverage for damage to personal property located at the Deckers' residence, subject to the terms, conditions and exclusions in the Policy. Defendants deny Plaintiffs' characterization of the coverages afforded by the Policy because it is a written contract that speaks for itself and is the best evidence of its contents.

11. Admitted in part; denied in part. Defendants admit that the Policy provides coverage for property damage to the motor vehicles scheduled in the Policy, subject to all of the terms, conditions and exclusions in the Policy. Defendants deny Plaintiffs' characterization of the coverages afforded by the Policy because it is a written contract that speaks for itself and is the best evidence of its contents.

12. Admitted in part; denied in part. Defendants admit that, on or about January 10, 2014, a fire occurred at the Deckers' residence causing substantial damage to the structure(s), the personal property therein and a scheduled motor vehicle parked in a garage of the residence at the time of the fire. Defendants deny any remaining allegations contained in paragraph 12.

13. Admitted in part; denied in part. Defendants admit that the Policy provides coverage for loss by fire, subject to all of the terms, conditions and exclusions in the Policy. Defendants deny all remaining allegations contained in paragraph 13.

14. Denied.

## COUNT ONE

15. Defendants restate and incorporate herein, as if fully rewritten herein, all previous responses to paragraphs 1 through 14 of Plaintiffs' Complaint.

16. Denied.

17. Denied.

18. Admitted.

19. Defendants admit that Plaintiffs' Complaint purports to seek a declaration of their rights and damages under the Policy. Defendants deny all remaining allegations contained in paragraph 19.

## COUNT TWO

20. Defendants restate and incorporate herein, as if fully rewritten herein, all previous responses to paragraphs 1 through 19 of Plaintiffs' Complaint.

21. Defendants admit that Chubb National issued its Policy No. 13127867-05 to Plaintiffs effective for the period February 2, 2013 to February 2, 2014 and that Plaintiffs paid the premium for that policy and gave timely notice of their claim. Defendants deny all remaining allegations contained in paragraph 21.

22. Denied.

23. Admitted.

24. Denied.

25. Denied.

## COUNT THREE

26. Defendants restate and incorporate herein, as if fully rewritten herein, all previous responses to paragraphs 1 through 25 of Plaintiffs' Complaint.

27. Denied.

28. Denied.

29. Denied.

## COUNT FOUR

30. Defendants restate and incorporate herein, as if fully rewritten herein, all previous responses to paragraphs 1 through 29 of Plaintiffs' Complaint.

31. Denied.

Plaintiffs' WHEREFORE paragraph does not contain any factual allegations to which Defendants are required to respond; however, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE
*(Failure to state a claim)*

32. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE
*(Improper joinder of Chubb & Son, a division of Federal Insurance Company)*

33. Neither Defendant, Chubb & Son, a division of Federal Insurance Company, nor Federal Insurance Company issued the Policy and neither has or had any contractual relationship or privity with Plaintiff. Accordingly, Defendant, Chubb & Son, a division of Federal Insurance Company, and Federal Insurance Company are improper party-defendants and should be dismissed from this action, with prejudice.

## THIRD SEPARATE DEFENSE
*(Concealment and fraud bars coverage)*

34. The Policy under which Plaintiffs have made claim contains the following conditions:

> **General Conditions**
> These conditions apply to your policy in general, and to each coverage in it.
>
> \*    \*    \*
>
> **Concealment or fraud.**
>
> We do not provide coverage if you or any covered person has intentionally concealed or misrepresented any material fact relating to this policy before or after a loss.

35. Plaintiffs, Jeffrey Decker and Maria Decker, during the course of Chubb National's investigation of the January 10, 2014 fire at the Deckers' residence (hereinafter "the Fire"), including during post-loss interviews with Chubb National claim investigators, during their sworn examinations under oath (hereinafter "EUO") taken pursuant to the Policy's terms and conditions and in a Sworn Statement in Proof of Loss to Chubb National dated September 10, 2014, signed by both Plaintiffs, intentionally concealed and misrepresented material facts relating to the policy.

36. On January 10, 2014, a fire destroyed most of the Deckers' residence, a sprawling 14,000+ square foot house located at 9645 Cunningham Road.

37. In statements to public authorities and Chubb National after the fire, Jeffrey Decker admitted that he was the last known person to be inside 9645 Cunningham Road on January 10, 2014, before the Fire was discovered, and he claimed to have left the residence that day sometime between approximately 12:45 p.m. and approximately 1:30 p.m.

38. In statements made to the public authorities and to Chubb National after the loss, Jeffrey Decker claimed that he was last inside 9645 Cunningham Road at about 1:30 p.m. on January 10, 2014, and everything in the residence appeared to be normal at that time and he did not notice anything wrong at the residence, but he let the two family dogs out of the house before his departure.

39. The two Decker family dogs were not inside the Deckers' residence at the time of the Fire. First responders to the Fire observed the two dogs roaming around the property and neither pet was injured by the Fire.

40. The Fire was first discovered by a witness located at a nearby property. The witness saw smoke rising from beyond a tree line at about 3:14 p.m. and promptly reported the fire to the Indian Hill Rangers (the local police).

41. At about the same time, another witness at another nearby property also saw smoke coming from the vicinity of 9645 Cunningham Road. The witness walked towards the smoke to investigate and, as the Deckers' residence came into view, the witness observed a substantial fire in the area in the house where the kitchen was located and the fire had already burned through the roof of the house at that location.

42. First responding fire units from the Madeira-Indian Hill Fire Department arriving at the fire scene at 9645 Cunningham Road at about 3:31 p.m. found heavy fire coming through the roof in the eastern half of the house, where the kitchen was located.

43. Although the Deckers' residence was equipped with a fire detection system connected to an audible exterior alarm that Plaintiff Maria Decker has described as "ear piercing" and the system was designed to transmit a fire alarm to the Indian Hill Rangers' station, witnesses at nearby properties alerted to the fire by the smoke did not report hearing any audible alarm coming from the house, and no fire alarm from the Deckers' system was transmitted to the Indian Hill Rangers' station on the day of the fire.

44. Responding fire units were unable to control or contain the Fire and it ultimately destroyed most of the residence.

45. The Fire was investigated by the Hamilton County Fire Investigation Unit ("HCFIU"), the Ohio State Fire Marshal and an independent fire investigator retained by Chubb National for the purpose of determining the origin and cause of the fire.

46. On information and belief, the cause of the Fire at the Deckers' residence is presently classified as undetermined by the HCFIU and the Ohio State Fire Marshal, but their investigation into the cause of the fire remains open.

47. On information and belief, fire investigators who have examined the scene of the Fire have concluded from the evidence that the Fire origin area was in and around the kitchen of the Deckers' residence.

48. Jeffrey Decker testified at his EUO on October 22 and 23, 2014, that he had his AT&T cell phone with him throughout the day on January 10, 2014.

49. An independent engineering analysis of the AT&T records for the cell phone that was used by Jeffrey Decker on January 10, 2014, has determined that contrary to Jeffrey Decker's statements and sworn EUO testimony, he was not miles away at a construction job site in Blue Ash, Ohio, as he has claimed, but instead was at and around the Deckers' residence from approximately 2:09 p.m. until approximately 2:58 p.m. on January 10, 2014, which was about 16 minutes before smoke from the Fire was first observed by a witness at a nearby property at about 3:14 p.m.

### Plaintiff Jeffrey Decker's Intentional Material Concealments and Misrepresentations

50. Plaintiff Jeffrey Decker's intentional material concealments and misrepresentations to Chubb National after the loss include, but may not be limited to the following:

   A. the true facts and circumstances concerning conditions at the Deckers' residence, his whereabouts and his activities on the day of the Fire and, in particular, his whereabouts, his activities and conditions at the Deckers' residence between approximately 2:09 p.m. and 2:58 p.m. that day, which was shortly before the Fire was discovered by witnesses at nearby properties;

   B. the true facts concerning the costs incurred by Plaintiffs to construct the house at 9645 Cunningham Road;

   C. the true facts of Plaintiffs' financial condition prior to the Fire;

   D. the true facts and circumstances concerning the type and amount of currency in the safe(s) in 9645 Cunningham Road at the time of the Fire; and

   E. the Sworn Statement of Proof of Loss to Chubb National signed by Jeffrey Decker and Maria Decker on September 10, 2014, in which Jeffrey Decker falsely stated:

   > The above referenced loss did not originate by any act, design or procurement on the part of Jeff [or] Maria… Decker and nothing has been done by or with the privity or consent of Jeff [or] Maria… Decker to violate the conditions of the policy or render it void; no articles are mentioned in this Proof of Loss or in the annex schedules

> but such as were destroyed or damaged at the time of the loss. No property saved has been in any manner concealed, and no attempt to deceive the Chubb Company, as to the extent to said loss has in any manner been made.

### Plaintiff Maria Decker's Intentional Material Concealments and Misrepresentations

51. Maria Decker's intentional material concealments and misrepresentations to Chubb National after the loss include, but may not be limited to the following:

   A. the true facts and circumstances concerning communications by Jeffrey Decker and Maria Decker to another family member and realtors before the Fire regarding Plaintiffs' desire to sell 9645 Cunningham Road;

   B. the true facts concerning the costs incurred by Plaintiffs to construct the house at 9645 Cunningham Road; and

   C. the true facts of Plaintiffs' financial condition prior to the Fire; and

   D. the Sworn Statement of Proof of Loss to Chubb National signed by Jeffrey Decker and Maria Decker on September 10, 2014, in which Maria Decker falsely stated:

   > The above referenced loss did not originate by any act, design or procurement on the part of Jeff [or] Maria… Decker and nothing has been done by or with the privity or consent of Jeff [or] Maria… Decker to violate the conditions of the policy or render it void; no articles are mentioned in this Proof of Loss or in the annex schedules but such as were destroyed or damaged at the time of the loss. No property saved has been in any manner concealed, and no attempt to deceive the Chubb Company, as to the extent to said loss has in any manner been made.

52. Plaintiffs' intentional concealments and misrepresentations during their post-loss interviews, their EUOs and in their Sworn Statement in Proof of Loss constitute material concealments and misrepresentations by them designed, *inter alia*: (a) to deflect the focus of Chubb National's investigation into the cause of the Fire away from Plaintiffs and their potential

11

involvement in causing the Fire, (b) to prevent Chubb National and the public authorities investigating the origin and cause of the Fire from questioning Jeffrey Decker about his activities at the Deckers' residence on January 10, 2014 and, in particular, his actions and his observations of conditions in or around the house during the period from approximately 2:09 p.m. to approximately 2:58 p.m. when he was in and around the house shortly before the Fire was discovered by witnesses at nearby properties, (c) to create a false alibi for Jeffrey Decker as to his alleged whereabouts and activities on January 10, 2014 before the discovery of the Fire, and (d) to conceal Plaintiffs' potential motive to intentionally destroy the house at 9645 Cunningham Road to collect the fire insurance proceeds.

53. Each of the aforementioned material concealments and misrepresentations by Plaintiffs, Jeffrey Decker and Maria Decker, violated the "Concealment or fraud" General Condition of the Policy set forth above, thereby barring all coverage under the Policy for the fire loss as to both Plaintiffs, and barring any recovery by Plaintiffs and any insured under the Policy.

54. Chubb National reserves the right to supplement and amend the summary of Plaintiffs' intentional material concealments and misrepresentations as may be further revealed through discovery in this action.

**FOURTH SEPARATE DEFENSE**
*(Waiver and/or estoppel may bar claim)*

55. Plaintiffs' Complaint may be barred by the doctrines of waiver and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
*(Defendants acted in good faith and with reasonable justification)*

56. Plaintiffs' claims for alleged consequential extra-contractual damages for alleged bad faith conduct are barred and Plaintiffs' alleged damages are not recoverable because Defendant Chubb National (the only Defendant involved in the claim investigation), at all times

12

during the investigation of Plaintiffs' claims arising out of the January 10, 2014 fire at the Deckers' residence, acted in good faith and had a reasonable justification for its claim investigation, a reasonable justification for all of its requests for cooperation addressed to the Plaintiffs during that claim investigation and actions therein. Insurance coverage in this matter is, at a minimum, fairly debatable.

### SIXTH SEPARATE DEFENSE
*(Punitive damages are barred)*

57. Plaintiffs' claims for punitive damages are barred because Defendants' actions were never wanton, malicious, arbitrary or capricious. Defendant, Chubb National, acted in good faith at all times and had reasonable justification for each of its actions taken during the claim investigation and actions therein. Insurance coverage in this matter is, at a minimum, fairly debatable.

### SEVENTH SEPARATE DEFENSE
*(Attorneys' fees not collectable)*

58. Plaintiffs' Complaint fails to state a valid claim for attorneys' fees.

### EIGHTH SEPARATE DEFENSE
*(Policy terms, conditions and exclusion control recovery)*

59. Without admitting any liability whatsoever to Plaintiffs or the amount of same, Defendants aver that any amounts that may be determined to be recoverable by Plaintiffs under the Policy are subject to all Policy terms, conditions, and exclusions.

### NINTH SEPARATE DEFENSE
*(Business property claim excluded)*

60. Without admitting any liability whatsoever to Plaintiffs or the amount of same, Defendants aver that the Policy excludes coverage for "business property," other than as

provided under "Extra Coverages" as set forth in the Ohio Deluxe Contents Coverage form on pages C-3 and C-4.

## TENTH SEPARATE DEFENSE
*(Failure to mitigate damages)*

61. Without admitting any liability to Plaintiffs or the amount of same. Defendants aver that Plaintiffs' damages may be barred or limited by the Plaintiffs' failure to mitigate their damages at and after the loss.

## ELEVENTH SEPARATE DEFENSE
*(Credit, setoff and limitation of damages)*

62. Without admitting any liability whatsoever to Plaintiffs or the amount of same, Defendants aver that Chubb National is entitled to a credit, set-off, reduction, and/or limitation of damages pursuant to the Policy, any applicable statutes, or otherwise for prior claim advances made to Plaintiffs by Defendant, Chubb National, pursuant to a Reservation of Rights.

## TWELFTH SEPARATE DEFENSE
*(Right to amend reserved)*

63. Subject to the Federal Rules of Civil Procedure and Court Orders, Defendants reserve the right to amend this Answer, including but not limited to, by adding additional affirmative defenses and counterclaims that may be appropriate based upon additional facts that may be uncovered and learned through litigation discovery in this action.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Defendants, Chubb National Insurance Company and Chubb & Son, a division of Federal Insurance Company, pray that the same be dismissed and that judgment be rendered in favor of Defendants, and that Defendants recover their costs expended herein as well as any other relief the Court deems appropriate.

## AMENDED COUNTERCLAIMS AGAINST PLAINTIFFS BY CHUBB NATIONAL INSURANCE COMPANY

## AMENDED COUNT I – BREACH OF CONTRACT

64. Chubb National hereby restates herein, as if fully rewritten herein, Paragraphs 1 - 31 of its Answer to Plaintiffs' Complaint, and Paragraphs 32 - 63 of its Affirmative Defenses.

65. On or about January 10, 2014, Plaintiffs presented a notice of claim to Chubb National in connection with the Fire that occurred on that same date at 9645 Cunningham Road.

66. Chubb National timely responded to the claim and investigated the claim.

67. As part of its investigation, Chubb National's representatives took recorded statements of certain witnesses, including Plaintiffs, examined Plaintiffs under oath and retained experts to determine the cause and origin of the fire at the residence.

68. Chubb National, acting in good faith and subject to reservation of rights letters provided to Plaintiffs during the claim investigation, issued the following advance payments totaling $713,779.50 to Plaintiffs: $25,000.00 for extra living expenses; $502,383.17 for personal property/contents in the Deckers' residence at the time of the Fire; $24,425.00 for the agreed value of a 2003 SL500 Mercedes-Benz that was parked in the garage at 9645 Cunningham Road at the time of the Fire; $14,925.28 for temporary auto rental; and $147,046.12 for fire debris removal at 9645 Cunningham Road.

69. During the course of Chubb National's investigation of the claim, the Plaintiffs made intentional material concealments and misrepresentations to Chubb National relating to the Policy as outlined above.

70. The aforementioned intentional and material concealments and representations made to Chubb National by Plaintiffs regarding the Policy were known by Plaintiffs to be incorrect and false.

71. By virtue of these intentional material concealments and misrepresentations, Plaintiffs violated the "Concealment or fraud" provision of the Policy under which Plaintiffs have made claim.

WHEREFORE, Chubb National Insurance Company, demands that the insurance policy issued by Chubb National Insurance Company to Plaintiffs, Jeffrey and Maria Decker, covering 9645 Cunningham Road, Cincinnati, Ohio, be voided and judgment be entered in its favor and against Jeffrey and Maria Decker, together with interest, costs and attorneys' fees and such other relief as this Court deems appropriate.

### AMENDED COUNT II – UNJUST ENRICHMENT AND RESTITUTION FOR MONEY PAID

72. Chubb National hereby restates herein, as if fully rewritten herein, Paragraphs 1 - 31 of its Answer to Plaintiffs' Complaint, and Paragraphs 32 - 63 of its Affirmative Defenses.

73. Chubb National conferred a benefit upon the Plaintiffs by issuing advance payments to Plaintiffs totaling $713,779.50.

74. Plaintiffs had an appreciation or knowledge of the benefit.

75. Plaintiffs had knowledge of the benefits, and accepted and retained the benefits under such circumstances as to make it inequitable for the Plaintiffs to retain such benefits.

76. As outlined above, the Plaintiffs made material concealments and misrepresentations to Chubb National during the course of the investigation of the fire loss at issue in this matter.

77. Chubb National reasonably relied on Plaintiffs' misrepresentations, concealments, acts and omissions, *inter alia*, in making advance payments to Plaintiffs, subject to a reservation of rights, in connection with Plaintiffs' fire insurance claims.

78. As a result of Plaintiffs' concealments and misrepresentations and the Fire, Chubb National was obligated to and did issue the following payments: $25,000.00 for extra living expenses; $502,383.17 for contents damage; $24,425.00 for destruction of a 2003 SL500 Mercedes-Benz; $14,925.28 for temporary auto rental; and $147,046.12 for debris removal.

79. Plaintiffs had actual and constructive knowledge that the monies paid under the Policy were obtained through their concealments and misrepresentations as averred above.

80. Plaintiffs accepted and kept the monies paid directly to them by Chubb National knowing that they were obtained from Chubb National by fraud.

81. Plaintiffs benefited from Chubb National bearing the costs of damage to their motor vehicle and debris removal, as well as receiving the advances on extra living expenses and damage to contents.

82. If Plaintiffs are permitted to retain these monies, Plaintiffs will be unjustly enriched and Chubb National will suffer harm.

83. Plaintiffs should not be permitted to retain monies obtained through false and fraudulent representations, concealments, acts and omissions as averred above. Therefore, Plaintiffs have an equitable duty to disgorge and convey such proceeds back and make restitution to Chubb National.

WHEREFORE, Counterclaim Plaintiff, Chubb National Insurance Company, demands that judgment be entered in its favor and against Counterclaim Defendants, Jeffrey Decker and Maria Decker, for restitution in the amount of $713,779.50 to Chubb National Insurance Company, together with interest, costs and attorneys' fees and such other relief as this Court deems appropriate.

**JURY DEMAND**

Defendants hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

*/s/ Gregory A. Harrison*
Gregory A. Harrison (0029814)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH   45202
Telephone:     (513) 977-8200
Facsimile:     (513) 977-8141
Email: greg.harrison@dinsmore.com

Trial Attorney for Defendants
Chubb National Insurance Company
and Chubb & Son, a division of Federal
Insurance Company

**OF COUNSEL:**

Michael W. Hawkins (0012707)
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH   45202
Telephone:     (513) 977-8200
Facsimile:     (513) 977-8141
Email:  mike.hawkins@dinsmore.com

Thomas McKay, III (Admitted *Pro Hac Vice*)
COZEN O'CONNOR, PC
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
Telephone:  (856) 910-5012
Facsimile:   (877) 259-7983
Email:  tmckay@cozen.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2016, the foregoing document was electronically filed with the Clerk of Courts for the U.S.D.C. for the Southern District of Ohio Western Division via the Court's CM/ECF system, which system will notify all parties of the filing of same.  The parties may access this filing through the Court's system.

                                                                      */s/ Gregory A. Harrison*
                                                                      Gregory A. Harrison

Gary F. Franke, Esq.
William M. Bristol, Esq.
GARY F. FRANKE CO., L.P.A.
120 East 4th Street, Suite 1040
Cincinnati, OH   45202


Charles D. Ewing, Esq.
Ewing & Willis PLLC
6009 Brownsboro Park Boulevard
Suite B
Louisville, KY   40207

Trial Attorneys for Plaintiffs


10193033v1