THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY DECKER, et al. | : | CASE NO.:   1:15-CV-00088-SJD |
| Plaintiffs, | : | ( Judge Susan J. Dlott) |
| v. | : | (Magistrate Judge Karen L. Litkovitz) |
| CHUBB NATIONAL INSURANCE CO., et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' ANSWER TO DEFENDANT, CHUBB
NATIONAL INSURANCE COMPANY'S, AMENDED COUNTERCLAIMS**

Now come Plaintiffs, Jeffrey Decker and Maria Decker, by and through counsel, and for their Answer to Defendant's, Chubb National Insurance Company, Amended Counterclaims state as follows:

1. Plaintiffs, Jeffrey Decker and Maria Decker, hereby refer to and restate, as if fully rewritten herein, the allegations set forth in the Complaint.

## **FIRST DEFENSE**

2. That the Amended Counterclaims fail to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

3. The preceding allegations and defense is referred to and incorporated as if fully rewritten herein.

- 2 -

4. Plaintiffs, Jeffrey Decker and Maria Decker, hereby refer and restate herein, as if fully rewritten, the allegations set forth in the Complaint in answer to Paragraph 64 of the Amended Counterclaims.

5. Paragraph 65 of Defendant's Amended Counterclaims is admitted.

6. Paragraph 66 of Defendant's Amended Counterclaims is denied.

7. Inasmuch as Paragraph 67 of the Amended Counterclaims avers that Plaintiffs gave recorded statements and examinations under oath is admitted. The balance of said paragraph is denied for want of knowledge.

8. Inasmuch as Paragraph 68 of the Amended Counterclaims avers that Defendant, Chubb National Insurance Company, provided correspondence with reservation of rights language to Plaintiffs and that Plaintiffs received funds issued by way of check in the following amounts: Twenty-Five Thousand Dollars ($25,000.00); Five Hundred Two Thousand, Three Hundred Eighty Three and 17/100 Dollars ($502,383.17); Twenty-Four Thousand, Four Hundred Twenty-Five Dollars ($24,425.00); and One Hundred Forty-Seven Thousand, Forty-Six and 12/100 Dollars ($147,046.12) is admitted, and the balance of said paragraph is denied for want of knowledge.

9. Paragraph 69 of Defendant's Amended Counterclaims is denied.

10. Paragraph 70 of Defendant's Amended Counterclaims is denied.

11. Paragraph 71 of Defendant's Amended Counterclaims is denied.

12. The preceding admissions and/or denials are referred to and incorporated herein, in answer to Paragraph 72 of Defendant's Amended Counterclaims.

13. Inasmuch as Paragraph 73 of Defendant's Amended Counterclaims avers that Plaintiffs received Six Hundred Ninety Eight Thousand, Eight Hundred Fifty Four and 29/100 Dollars ($698,854.29) in separate checks as previously referred to herein Plaintiffs' Answer is admitted, and the balance of said paragraph is denied.

14. Inasmuch as Paragraph 74 of Defendant's Amended Counterclaims avers that Plaintiffs had knowledge of receipt of the checks previously referred to herein in Plaintiffs' Answer is admitted, and the balance of said paragraph is denied.

15. Paragraph 75 of Defendant's Amended Counterclaims is denied.

16. Paragraph 76 of Defendant's Amended Counterclaims is denied.

17. Paragraph 77 of Defendant's Amended Counterclaims is denied.

18. Paragraph 78 of Defendant's Amended Counterclaims is denied.

19. Paragraph 79 of Defendant's Amended Counterclaims is denied.

20. Paragraph 80 of Defendant's Amended Counterclaims is denied.

21. Paragraph 81 of Defendant's Amended Counterclaims is denied.

22. Paragraph 82 of Defendant's Amended Counterclaims is denied.

23. Paragraph 83 of Defendant's Amended Counterclaims is denied.

24. Plaintiffs deny each and every allegation of Defendant's Amended Counterclaims not specifically admitted herein.

### THIRD DEFENSE

25. The preceding defenses are referred to and incorporated as if fully rewritten herein.

26. Defendant's Amended Counterclaims are barred by the Doctrine of Breach of Contract.

## **FOURTH DEFENSE**

27. The preceding defenses are referred to and incorporated as if fully rewritten herein.

28. Defendant's Amended Counterclaims are barred by the Doctrine of Estoppel.

## **FIFTH DEFENSE**

29. The preceding defenses are referred to and incorporated as if fully rewritten herein.

30. Defendant's Amended Counterclaims are barred by the Doctrine of Waiver.

## **SIXTH DEFENSE**

31. The preceding defenses are referred to and incorporated as if fully rewritten herein.

32. Defendant's Amended Counterclaims are barred by the Doctrine of Setoff.

## **SEVENTH DEFENSE**

33. The preceding defenses are referred to and incorporated as if fully rewritten herein.

34. Defendant's Amended Counterclaims are barred by the Doctrine of Unclean Hands.

## **EIGHTH DEFENSE**

35. The preceding defenses are referred to and incorporated as if fully rewritten herein.

36. Plaintiffs reserve the right to add additional affirmative defenses as additional discovery dictates.

WHEREFORE, having fully answered Defendant's Amended Counterclaims, Plaintiffs, Jeffrey Decker and Maria Decker, pray that the Counterclaim be dismissed, at Defendants' costs, and for judgment in their favor and against Defendants in accordance with the claims set forth in the Complaint.

                Respectfully submitted,

*/ s / Gary F. Franke*
Gary F. Franke        (# 0029793)
William M. Bristol     (# 0074005)
GARY F. FRANKE CO., L.P.A.
120 East 4th Street, Suite 1040
Cincinnati, Ohio 45202
Tel: (513) 564-9222
Fax: (513) 564-9990

C. David Ewing
Ewing & Willis, LLC
6009 Brownsboro Park Blvd.
Suite B
Louisville, KY 40207
Tel: (502) 585-5800
Fax: (502) 585-5858

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Answer to Counterclaim of Defendant has been served upon all counsel of record this 9 day of March, 2016 through the US District Court electronic filing system.

                                      */ s / Gary F. Franke*
                                      Gary F. Franke
                                      Attorney at Law